THE FEDERAL LAND BANK OF BALTIMORE, Petitioner and Appellant, *v.* MUNICIPAL COURT OF ARECIBO ET AL., Respondents and Appellees. SAME *v.* SAME. SAME *v.* SAME.

Nos. 6758, 6759, and 6760. Argued April 10, 1935.—Decided May 10, 1935.

*Frank Martínez* and *E. Campos del Toro* for appellant. *E. Martínez Avilés* and *José M. Terrasa* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The same question is involved in these three appeals. We will consider them jointly.

Luis, María, and Serapia Riestra Calfo filed complaints in the Municipal Court of Arecibo against the Federal Land Bank of Baltimore, Puerto Rico Branch, alleging that they were heads of families, with their homestead constituted on a certain property located in the Municipality of Arecibo, and mortgaged to the defendant, which foreclosed on it and

bought it in, and obtained possession by a writ of possession, without paying over to the plaintiffs the $500 corresponding to them for their homestead right. Each of them demanded judgment for the said sum.

The defendant bank moved for the removal of the actions to the Municipal Court of San Juan, where its main offices in Puerto Rico are located, and the motion was denied on the following grounds:

" 'If the distinction made by section 75 were solely between real and personal actions the appellant would be right. The statute, however, by its terms is broader and includes not only real actions but suits for the determination in any form of a right or interest in real estate and for injuries to real property. Some of these actions are necessarily personal, etc.' *Alomar* v. *Bou,* 27 P.R.R. 393, 394.

"It is clear that not only real actions should be brought in the district in which the property is located but also some personal actions should be brought in the district which is the *situs* of the property if it is necessary in such actions to determine in some form any right or interest in real estate.

"An action to enforce a homestead claim may be real or personal according to whether the claim is to a part of the parcel, or to the exemption of the parcel, or to the sum of FIVE HUNDRED DOLLARS ($500) fixed by the statute. In the instant case the action is clearly personal, to recover the FIVE HUNDRED DOLLARS ($500) for homestead, but there is no doubt whatever that this action represents a right or interest in real estate, and that therefore, in accordance with the provisions of section 75 of the Code of Civil Procedure, the action should be brought in the district in which the property is located."

The bank then filed a petition for a writ of certiorari in the district court. The writ was issued and subsequently discharged. The district judge, in an elaborate opinion, sustained the jurisdiction of the Municipal Court of Arecibo to entertain the actions.

Thereupon the defendant took the present appeals from the judgments of the district court.

We believe that the judgments should be affirmed. The decisions of the municipal court are well grounded.

This Supreme Court, in the case of *Lasalle* v. *Valencia*, 39 P.R.R. 552, 554, said that: ''The homestead right is in the nature of a lien on property.'' And in *Noriega* v. *Registrar*, 44 P.R.R. 311, 314, it said that: ''If the former owners have the homestead right, the purchaser to obtain a perfect title must settle the claim. What they have is a lien on the property in any case.''

In a case of homestead dealing with removal, *Manescau* v. *Usera, Municipal Judge*, 46 P.R.R. 132, this court held that—

''The right of homestead granted by the statute to the householder as such is in relation to real property. Therefore, an action to enforce said right may be considered in the proper cases as included in subdivision 1, section 75 of the Code of Civil Procedure, and should be brought in the district where the property is located.''

And in *Federal Land Bank* v. *Municipal Court*, 47 P.R.R. ____*, it expressed itself as follows:

''As to the motion for a change of venue denied by the Municipal Court of Ciales, we think that said court acted in accordance with the law. According to section 75 of the Code of Civil Procedure actions for the recovery of real property, or of any estate or interest therein, etc., must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial. We use the English text because these laws were originally written in that language and we want to emphasize the similarity existing between the *estate or interest therein* of which the said section speaks, and the *estate of homestead, right* and title therein of which our homestead law speaks. Section 75 clearly provides that an action for the recovery of an estate or interest therein must be tried in the district in which the subject of the action is situated. In the present case, as alleged in the complaint, the Federal Lank Bank of Baltimore threatened Nicolás Padilla Rivera, a householder with a wife and children, to oust him from the property where he has his homestead established. The plaintiff in the homestead claim prays to be left in the property, thus acknowledging his homestead right in the same, or that he be

---

* NOTE.—For page number see ''Table of Cases Cited in Opinions—Citations from Puerto Rico Reports,'' this volume.

given the sum of $500. The value of the property does not appear from the pleadings, but it is clear that the fundamental basis of this suit is the acknowledgment of the *estate of homestead* in the property in the possession of Nicolás Padilla, and that therefore, the trial must be held where the property is situated, that is, in the municipality of Ciales."

It is still insisted that there is involved simply a claim for $500, after the owner was ousted from the parcel on which he had his homestead. The case, notwithstanding that, continues in essence to be the same. The rules of procedure should be fixed, clear, precise. To hold what the appellant contends would introduce confusion. In these cases everything emanates from something real. The $500 is the extension of the right calculated in dollars and cents. It constitutes the right itself when it is not possible for it to subsist on the property. And the same rule of procedure should apply to a claim therefor. Section 75 of the Code of Civil Procedure is applicable.

The judgments appealed from must therefore be affirmed.

Mr. Justice Wolf concurs on the ground that a removal does not lie from one municipal court to another. Otherwise he would concur in the reasoning.